## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY BLAISE SANDRAS AND JESSICA KIRBY SANDRAS,** | * CIVIL ACTION NO. |
| | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **VERSUS** | * SECTION |
| | * |
| **BANK OF AMERICA, N.A. AND J.M. ADJUSTMENT SERVICES, L.L.C.,** | * JUDGE |
| | * |
| | * |
| **Defendants.** | * MAGISTRATE |
| | * |

*********************************************

### DEFENDANT BANK OF AMERICA, N.A.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, Bank of America, N.A. ("BANA"), while fully reserving its rights to object to service, jurisdiction, and venue, and without waiving any of its other defenses or objections, removes to this Court the civil action styled, *Larry Blaise Sandras and Jessica Kirby Sandras v. Bank of America, N.A., d/b/a Bank of America Home Loans and J.M. Adjustment Services, L.L.C.*, Case No. 752-254, which was originally filed in the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, by Plaintiffs, Larry and Jessica Sandras ("Plaintiffs"). The specific grounds for removal are as follows:

### PLAINTIFFS' FACTUAL ALLEGATIONS

1.

On August 4, 2015, Plaintiffs filed their Petition for Damages (the "Petition") in the Twenty Fourth Judicial District Court for the Parish of Jefferson, naming BANA and J.M. Adjustment Services, L.L.C. ("JMAS") as defendants (collectively "Defendants").

2.

Plaintiffs' allegations center on a loan modification regarding a promissory note (the "Note") executed by Plaintiffs that was secured by a mortgage (the "Mortgage") encumbering immovable property located at 1986 Jean Lafitte Blvd., in Lafitte. (Pet. ¶ 3.)

3.

The Petition alleges that in 2013, Plaintiffs filed suit against BANA in this Court based on a supposed failed loan modification. (*Id.* ¶ 24; *see Larry Blaise Sandras, et al. v. Bank of America, N.A.*, E.D. La., Case No. 2:13-cv-00115-ILRL-DEK.)  Plaintiffs allege that, on or about June 11, 2014, the parties settled the prior lawsuit, and the settlement agreement required BANA to, among other things, enter into a loan modification with Plaintiffs and repair Plaintiffs' credit report. (Pet. ¶¶ 24–25.)

4.

The Petition further contends that, after the parties reached a settlement in 2014, BANA could not produce a loan modification agreement that included an accurate accounting of the amounts owed by Plaintiffs under the Note and Mortgage. (*Id.* at ¶ 26.)  After Plaintiffs filed a Motion to Reopen their initial lawsuit, Plaintiffs state that BANA executed a new loan modification agreement with Plaintiffs. (*Id.* at ¶ 27.)

5.

According to the Petition, after the loan modification was executed, BANA sent Plaintiffs a new loan-modification package, requesting that Plaintiffs sign a new modification agreement in exchange for $500. (*Id.* at ¶ 28.)  Plaintiffs contend that the new loan modification included a subordinate note, "which would have obligated the Plaintiffs to owe . . . [BANA] thousands more dollars." (*Id.*)  Plaintiffs claim they refused to sign the new modification agreement and

requested BANA to stop sending them loan-modification packages. (*Id.* at ¶¶ 29–30.)

6.

Plaintiffs allege that, on May 29, 2015, BANA again sent Plaintiffs a loan-modification package that requested Plaintiffs to sign a new loan modification and subordinate note in exchange for $500 (*Id.* at ¶ 31.)  Plaintiffs claim they refused this second offer as well. (*Id.*)

7.

Thereafter, on June 6, 2015, Plaintiffs claim they received a letter from BANA, indicating that BANA hired JMAS to get Plaintiffs to execute the new loan-modification package. (*Id.* ¶ 33.)  Pursuant to this ostensible agreement between BANA and JMAS, Plaintiffs claim that, on June 8, 2015, a JMAS courier visited Plaintiffs' home in an attempt to get Plaintiffs to sign a new modification agreement. (*Id.* at ¶ 35.)  The Petition alleges that Plaintiffs refused to sign any such agreement and demanded that the JMAS representative leave Plaintiffs' property. (*Id.*)

8.

The Petition alleges that, on July 3, 2015, BANA sent Plaintiffs a third loan-modification package, which again tried to get Plaintiffs to sign a new modification agreement and subordinate note in exchange for $500. (*Id.* at ¶ 37.)

9.

Plaintiffs claim they have tried to sell their home but cannot do so because BANA has damaged their credit history. (*Id.* at ¶ 39.)  Plaintiffs further contend that, as part of the initial settlement agreement in Case No. 13-115, BANA was obligated to repair Plaintiffs' credit report, but BANA failed to do so. (*Id.*)

10.

Plaintiffs further allege that BANA "improperly and illegally" placed $11,743.90 in unspecified liens on Plaintiffs' property, which Plaintiffs claim are equivalent to the amount of the subordinate note that BANA was allegedly attempting to coerce Plaintiffs into signing. (*Id.* at ¶¶ 40–42.)

11.

Based on these allegations, Plaintiffs assert ostensible Louisiana state-law claims for: (1) fraud (*Id.* at ¶¶ 41–46); (2) breach of contract (*Id.* at ¶¶ 47–50); (3) negligence (*Id.* at ¶¶ 51–57); (4) trespass (*Id.* at ¶¶ 58–62); (5) mental anguish/emotional distress (*Id.* at ¶¶ 63–64); (6) "destruction of Plaintiffs' credit" (*Id.* at ¶¶ 65–68); (7) slander of title (*Id.* at ¶¶ 69–72); and (8) intentional infliction of emotional distress (*Id.* at ¶¶ 80–86).

12.

On the face of the Petition, Plaintiffs allege that both Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, by conspiring and threatening to "induce and intimidate the Plaintiffs into collecting and obligating themselves on fraudulent and inaccurate loan documents." (*Id.* at ¶¶ 73–78.)

## TIMELINESS OF NOTICE OF REMOVAL

13.

On August 31, 2015, Plaintiffs served BANA with the Petition and Citation.  Because BANA is filing this Notice of Removal within 30 days of being served with the Petition and Citation, the Notice is timely under 28 U.S.C. § 1446(b)(1). *See Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

14.

BANA is removing this matter pursuant to 28 U.S.C. § 1441(a). The Court's removal jurisdiction is based on federal-question jurisdiction under 28 U.S.C. § 1331. The Court may also exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims pursuant to 28 U.S.C. § 1367.

15.

"[A] civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Under 28 U.S.C. § 1331, federal-question jurisdiction exists where a plaintiff's well-pleaded complaint demonstrates that either (1) "federal law creates [one or more] cause[s] of action" alleged by plaintiff or (2) "plaintiff's right to relief [under one or more causes of action] necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). "A single claim over which federal-question jurisdiction exists is sufficient to allow removal." *Bd. of Com'rs of Se. Louisiana Flood Protection Auth.-E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808, 849 (E.D. La. 2014) (citing *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005)). In this case, federal-question jurisdiction is present under the grounds articulated by the Fifth Circuit in *Singh*, 538 F.3d at 337–38.

16.

Federal-question jurisdiction exists, and removal is proper, where, as here, a plaintiff's petition alleges a claim for which federal law is the "law that creates the cause of action." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 14 (1983); *see also*

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (stating removal is proper where plaintiff pleads "cause of action created by federal law"). Here, Plaintiffs' Petition expressly asserts a cause of action created by federal law under the Fair Debt Collection Practices Act ("FDCPA").

### 17.

In the Petition, Plaintiffs assert a claim against both Defendants under the FDCPA. (Pet. ¶¶ 73–78.) In particular, Plaintiffs allege that Defendants violated the FDCPA by, among other things, conspiring and threatening to "induce and intimidate the Plaintiffs into collecting and obligating themselves on fraudulent and inaccurate loan documents." (*Id.* at ¶ 76.)

### 18.

In light of Plaintiffs' allegations that Defendants violated the FDCPA – a cause of action created by federal law – Plaintiffs' claims arise under federal law, and consequently, this Court has original jurisdiction under 28 U.S.C. § 1331.

### 19.

Because the Court has original jurisdiction under 28 U.S.C. § 1331, this action is removable under 28 U.S.C. § 1441(a), regardless of the citizenship of the parties or the amount in controversy at issue.

### 20.

This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state-law claims asserted by Plaintiffs. *See* 28 U.S.C. § 1367(a). Supplemental jurisdiction over such claims exists when the state-law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 293 (5th Cir. 2010). In this case,

Plaintiffs' state-law claims are based on the same set of operative facts that form the basis of Plaintiffs' federal claims, and as such, the state-law claims are part of the same case or controversy.

## CONSENT TO REMOVAL BY OTHER NAMED DEFENDANTS

21.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), JMAS consents to the removal of this civil action from the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. (*See* Exh. A: JMAS Consent to Removal.)

## VENUE

22.

Under 28 U.S.C. § 1441(a), this action may be removed to the district court of the United States for the district and division embracing the place where the state court action is pending. Venue for this removal is, therefore, proper in the United States District Court for the Eastern District of Louisiana, as this is the district embracing Jefferson Parish, Louisiana – the location of the pending state court action. *See* 28 U.S.C. § 98(a) ("The Eastern District comprises the parishes of . . . Jefferson . . . .").

## PROCEDURAL COMPLIANCE

23.

Pursuant to 28 U.S.C. § 1447(b), copies of all pleadings and orders in the state court record are attached hereto as Exhibit "B." Further, pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit "C" are copies of "all process, pleadings and orders served upon" BANA through this date.

24.

Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, BANA will send written notice and a copy of the Notice of Removal to all counsel of record and will file a copy of the Notice of Removal with the Clerk of Court for the Twenty Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

WHEREFORE, Defendant Bank of America, N.A. prays that this Notice of Removal be deemed good and sufficient, that Plaintiffs' Petition for Damages be removed from the Twenty Fourth Judicial District Court for the Parish of Jefferson, Louisiana to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from the Twenty Fourth Judicial District Court for the Parish of Jefferson, and thereupon proceed with this civil action, as if it had originally been commenced in this Court.

Respectfully submitted this 24th day of September, 2015.

/s/ Mark R. Deethardt
**STEPHEN W. RIDER, T.A. (#02071)**
**MARK R. DEETHARDT (#34511)**
McGlinchey Stafford, PLLC
12th Floor, 601 Poydras Street
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800
srider@mcglinchey.com
mdeethardt@mcglinchey.com

*Attorneys for Defendant: Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that, in accordance with the Eastern District of Louisiana's electronic filing procedures, this document has been electronically filed. A Notice of Electronic Filing will be sent by the Court to all counsel of record who have consented to email notification and electronic service. This document is available for viewing and downloading from the Court's ECF system. I further certify that a copy of the foregoing Notice of Removal has been served upon the following counsel of record via U.S. mail, email, and/or facsimile, this 24th day of September, 2015:

David S. Moyer
**David S. Moyer, L.L.C.**
13551 River Road
Luling, LA 70070

Warren Horn
Heather Cheesbro
**Heller, Draper, Patrick, Horn & Dabney, LLC**
650 Poydras Street, Suite 2500
New Orleans, LA 70130

*/s/ Mark R. Deethardt*
**MARK R. DEETHARDT**