### 752254 CASE DOCKET BOOK

P1 SANDRAS , LARRY BLAISE
P2 SANDRAS , JESSICA KIRBY
P3 KIRBY , JESSICA
D1 BANK OF AMERICA NA
D2 BANK OF AMERICA HOME LOANS
D3 J M ADJUSTMENT SERVICES LLC

| # | Date | | Lit | Description |
|---|------|---|-----|-------------|
| 1 | 08/04/2015 | 📄 | P1 | File Petitions :FILE PETITION FOR DAMAGES |
| 2 | 08/04/2015 | 📄 | P1 | Civil Case Cover Sheet - LA. R.S. 13:4688 |
| 3 | 08/07/2015 | 📄 | P1 | Issue Citation :ISSUE PETITION FOR DAMAGES |
| 4 | 09/03/2015 | 📄 | P1 | Sheriff's Returns:SHERIFF EAST BATON ROUGE PARISH - Issue Citation **ID:**150807-1533-5 **To:**BANK OF AMERICA NA **Service:**Personal 08/31/2015 **Disp:**Personal-CT CORPORATION **Desc:**BANK OF AMERICA NA PrePaid: CKEBR # 2484 $29.36 |
| 5 | 09/03/2015 | 📄 | P1 | Sheriff's Returns:SHERIFF EAST BATON ROUGE PARISH - Issue Citation **ID:**150807-1534-3 **To:**J M ADJUSTMENT SERVICES LLC **Service:**Personal 08/31/2015 **Disp:**Personal-CORPORATION SERVICES **Desc:**J M ADJUSTMENT SERVICES LLC PrePaid: CKEBR # 2484 $23.36 |
| 6 | 09/09/2015 | 📄 | D1 | File and Enter Any Document with an Order without a Date to be Set :FILE EX PARTE MOTION FOR EXTENSION OF TIME TO PLEAD IN RESPONSE TO PETITION FOR DAMAGES [E/O 09/10/2015 - GRANTED. 30 DAYS AND INCLUDING OCTOBER 15, 2015 :TVD] |
| 7 | 09/09/2015 | 📄 | D1 | File Request for Written Notice :FILE REQUEST FOR NOTICE |
| 8 | 09/11/2015 | 📄 | D3 | File and Enter Any Document with an Order without a Date to be Set :FILE UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS [E/O 09/15/2015 - GRANTED. UNTIL OCTOBER 15, 2015. :TVD] |



EXHIBIT
B

**24th JUDICIAL DISTRICT COURT**
**JEFFERSON PARISH STATE OF LOUISIANA**

CASE NO. 752-254                                    DIVISION

**LARRY BLAISE SANDRAS & JESSICA**
**KIRBY SANDRAS, PLAINTIFFS**

versus

**BANK OF AMERICA, N.A. d/b/a/ BANK OF**
**AMERICA HOME LOANS AND J.M. ADJUSTMENT SERVICES, L.L.C.**

FILED: _____          _____
                                                    **DEPUTY CLERK**

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Larry Blaise Sandras and Jessica Kirby Sandras (the "Plaintiffs"), and makes this Petition for Damages against BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOME LOANS and J.M. ADJUSTMENT SERVICES, L.L.C., and states as follows:

1.

Made defendant herein is Bank of America, National Association, d/b/a Bank of America Home Loans (BOA), who, upon information and belief, is a Delaware corporation in good standing to do business in Louisiana.

2.

BOA is a national banking association engaged in the business of making home mortgage loans.

3.

BOA is the holder of Loan # 207458031 with the Plaintiffs, which is a home mortgage loan on property located at 1986 Jean Lafitte Blvd., Lafitte, LA 70067 (the "Property"), and upon information and belief hired J.M. Adjustment Services, LLC to pursue the collection of a debt, which was not owed.

4.

J.M. Adjustment Services, LLC, ("JM") is upon information and belief a Michigan corporation who does business within the State of Louisiana, and was hired as a debt collector to pursue collection of a debt against Plaintiffs.

1

5.

Plaintiffs are residents of Jefferson Parish, Louisiana, and at all times hereto were mortgage holders against BOA.

6.

Since approximately October 2010, BOA has been engaged in a scheme to defraud, harass, and intimidate Plaintiffs in an attempt to steal their home, and their monthly mortgage payments.

7.

On or about October 26, 2010, Plaintiffs contacted BOA about engaging in their loan modification program, which BOA marketed, advertised and otherwise made available to each and every one of its customers. BOA sent Plaintiffs on or about October 26, 2010 a packet of information required to effectuate the loan modification process, which included numerous documents needed by BOA to complete the modification process. The deadline to submit the required documents was November 5, 2010. Plaintiffs complied with stated deadline.

8.

On or about November 8, 2010, BOA sent to Plaintiffs a Notice of Intent to Accelerate the entire mortgage loan due and payable if $4,281.36 was not paid on or before December 8, 2010. As a result of this letter, Plaintiffs made numerous calls to BOA to inform them they had applied for their loan modification program. BOA informed Plaintiffs they had not received any information from them, despite Plaintiffs sending the information on three separate occasions. Finally, on or about November 15, 2010, Plaintiffs spoke with Constance Deegan, an employee of BOA, who informed them, that a Megan English, another BOA employee could get them a new mortgage loan with an interest rate of 3%, which would significantly lower the Plaintiffs regular monthly payments.

9.

At the time Plaintiffs applied for their loan modification, their monthly mortgage payments, including escrows were $1,602.55 per month. As a result of the loan modification process, Plaintiffs were informed by BOA on or about January 8, 2011, they had be approved for the FHA-HAMP program, starting in February 2011, they would be approved for a loan modification at the new interest rate of 3.0%, if they made three trial payments of $1,818.18. The Plaintiffs made the three trial payments of $1,818.18, in February, March and April of 2011.

10.

On or about April 2, 2011, Plaintiffs were informed their modification could not be processed because their home was in a flood zone, and they needed proof of flood insurance. This information was immediately sent to BOA.  On or about April 9, 2011, BOA again sent a letter to Plaintiffs informing them their modification could not be processed because their home was in a flood zone, and they needed proof of flood insurance.  This information was again sent to BOA.

11.

On or about April 21, 2011, Plaintiffs were informed by BOA that their new monthly payment would be $1,652.70.  Plaintiffs contacted BOA, as the purpose and intention to enter into the loan modification program was to actually get a lower monthly mortgage payment, and this new modified amount, was in fact, higher than the original mortgage payment.

12.

Plaintiffs immediately called BOA and inquired about the new monthly payment.  In May of 2011, Plaintiffs were informed by BOA employee, Francis Thompson, the modified payment amount was wrong, and instructed Plaintiffs not to make any payments to BOA.

13.

In May of 2011, Plaintiffs were informed by BOA to make monthly mortgage payments of $1,548.75 beginning in June of 2011.  Plaintiffs began making those payments in June of 2011, and have made their monthly payment of $1,548.75 each month thereafter until May 2012.

14.

On or about July 11, 2011, Plaintiffs were sent another loan modification package, and were again requested to provide all of the information they had previously supplied to BOA again.  Plaintiffs did so.

15.

Plaintiffs still had not signed or been provided with any loan modification papers from May 2011 until April 2012, when Plaintiffs received another loan modification package from BOA, requesting that Plaintiffs provide, once again, to BOA, all of the information that was previously supplied to BOA.

IMAGED AUG - 4 2015

16.

On or about April 14, 2012, Plaintiffs received correspondence from BOA, that their home loan was now eligible for final approval from the FHA-HAMP program, which required Plaintiffs to make their first modification payment of $1,753.54 by June 1, 2012, which was done. Additionally, Plaintiffs were sent on or about April 14, 2012, the final loan modification documents which they signed and executed and forwarded to BOA, per their instructions.

17.

On or about June 20, 2012, Plaintiffs received an escrow review from BOA stating their new monthly mortgage payment would be $1,714.45.

18.

Despite signing the Loan Modification Agreement, Plaintiffs received from BOA on or about May 30, 2012 a mortgage statement showing their loan was in default and in arrears $27,984.28.

19.

Plaintiffs have continued to make their monthly mortgage payments to BOA, and despite making their monthly mortgage payments, on or about September 27, 2012, Plaintiffs received a mortgage statement showing the arrears on their account to be $38,079.31.

20.

On or about August 29, 2012, the Plaintiffs home was damaged by Hurricane Issac. The Plaintiffs applied for an SBA loan to have their home repaired. The SBA denied the Plaintiffs loan, because BOA has noted on Plaintiffs' credit report they are delinquent and in default.

21.

Plaintiffs have further applied for other credit on two other occasions, and have been denied because of the negative credit reports of BOA, despite making all of their monthly payments to BOA.

22.

On or about October 26, 2012, Plaintiffs were once again sent a loan modification package from BOA requesting, once again, the same documents plaintiffs had provided more than 6 times previously before.

IMAGED AUG - 4 2015

4

23.

Throughout this entire process, despite Plaintiffs making their monthly payments, Defendant BOA has made countless, harassing telephone calls to Plaintiffs demanding payments on their mortgage account, which were in fact all made.

24.

Plaintiffs ultimately brought a lawsuit against BOA in the United States District Court for the Eastern District of Louisiana for all of the above allegations. That case bore the 13-CV-115. That lawsuit was mediated and a settlement agreement was reached on or about June 11, 2014. The terms and conditions of that Settlement Agreement were confidential, unless a party had to bring a lawsuit to enforce the conditions of the Settlement Agreement (the "Agreement").

25.

The Settlement Agreement required BOA to do several things. Among those were to pay a sum of money, which was done, enter into a Loan Modification Agreement, which was done on April 23, 2015, and to repair the credit of the Plaintiffs, which to date has still not been completed.

26.

After the Agreement was reached in June 2014, BOA presented Plaintiffs with numerous Loan Modification Agreements. Each and every loan modification agreement presented to the Plaintiffs included both an inaccurate accounting of the loan, as well as a Subordinate Note, which BOA insisted the Plaintiffs signed. As part of the Agreement, BOA waived the right and obligation to collect under any subordinate notes.

27.

Ultimately, Plaintiff was forced to file a Motion to Reopen the original case because of BOA's failure to produce and provide the proper loan modification documents. BOA ultimately never could produce a Loan Modification Agreement with the proper accounting numbers for the loan, and instead provided Plaintiff a check in the amount of $19,927.44 to make up for the accounting discrepancies. Based upon that, Plaintiffs and BOA executed the new Loan Modification Agreement, which did not include a Subordinate Note.

28.

Almost immediately after executing the Loan Modification Documents, BOA sent to Plaintiff a new loan modification package, which had "missing documents". The new loan

5

modification agreement sought to incentivize the Plaintiffs $500.00 to sign the new agreement, which included a subordinate note, which would have obligated the Plaintiffs to owe BOA thousands more dollars.

29.

The Plaintiffs refused to sign the new Loan Modification documents which were dated May 20, 2015, which included the same subordinate note BOA had agreed to waive.

30.

On or about May 22, 2015, Plaintiff called BOA and informed them they had made a mistake, informed them of the executed loan modification agreement, and stated BOA was in error, and to stop sending them modification agreements, and to stop harassing Plaintiffs.

31.

Undeterred, BOA sent another Loan Modification Agreement to Plaintiff on May 29, 2015, again offering $500.00 for the Plaintiffs to sign the subordinate note, and to obligate themselves for thousands more dollars.  Plaintiffs again called BOA, informed them of the error.

32.

Upon information and belief, instead of fixing their mistake, living up to their Agreement with the Plaintiff, and to stop harassing the Plaintiff, BOA hired JM to try to intimidate Plaintiffs into signing the Loan Modification Documents in a face to face encounter.

33.

On or about June 6, 2015, Plaintiff received a letter from BOA, stating BOA had hired JM to come to their house to get them to sign the incorrect loan documents.  Plaintiff called the number referenced on the letter, which was a number belonging to JM.  Plaintiff instructed JM of the history of this loan, that she did not owe BOA any money, and that she would not sign any documents, there was no valid collection of debt, and for JM never to contact her again.

34.

Despite Plaintiff informing JM of the above, JM had a duty to verify the validity of the debt obligation.  JM did not do so.

35.

JM despite knowing BOA did not have a valid debt obligation against the Plaintiff, JM sent a representative to the home of the Plaintiff on or about 1:00 p.m. on June 8, 2015.  At that

6

visit JM, on behalf of BOA, tried to threaten and coerce Plaintiffs into signing the fraudulent, incorrect loan modification documents.   Plaintiffs demanded JM/BOA's representative leave their property immediately.

36.

Plaintiff again called BOA and informed them of the harassment and demanded they cease and desist their collection activities.

37.

Despite these phone calls, BOA again, on or about July 3, 2015 sent yet another loan modification agreement, again trying to incentivize the Plaintiff with $500.00 to obligate themselves to pay an additional $11,000+ on their loan.

38.

In the midst of all of the above, the Plaintiffs have attempted to extricate themselves from the harassment and torture that BOA has put them through.   As a result, the Plaintiffs feel uncomfortable in their own home, because of the constant letters, the front door service debt collectors, and the stress of BOA failing to live up to their Agreement, the Plaintiffs have begun the process to sell their home, and purchase a new home.

39.

Through the course of this exercise, Plaintiffs learned they cannot finance a new home, because BOA has completely and destroyed their credit. As part of the Agreement, BOA was to delete all negative reporting of the loan on Plaintiffs credit report.  BOA has failed to do so causing Plaintiffs substantial and significant damages.

40.

Additionally, Plaintiffs sought a payoff on their loan through BOA.  On or about June 3, 2015, BOA provided Plaintiff with a payoff, which show that BOA has placed $11,743.90 in liens on their property.

41.

These liens represent the amounts BOA and JM have attempted to coerce and fraudulently induce Plaintiff into signing, and were further forgiven in the Agreement.

42.

IMAGED AUG - 4 2015

BOA has improperly accounted for the Plaintiffs loan, has upon information and belief filed improper and illegal liens on their property, and has essentially prohibited Plaintiff from selling their home on the open market.

43.

BOA and JM actions have caused tremendous damages in the form of stress, emotional distress, severe illness, anxiety, destruction of credit, invasion of privacy, by their collection tactics, fraudulent inducement, erroneous accounting trespass, continued harassment and breach of contract.

44.

Plaintiffs are entitled to significant damages for the actions of the Defendants.

COUNT 1

45.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

45.

Defendant BOA and JM has committed fraud against the Plaintiffs by attempting to induce the Plaintiff into signing new Loan Modification Agreements that both BOA and JM knew to be false and inaccurate. Defendants BOA conspired with JM to give Plaintiffs $500.00 in person, to sign documents they knew to be false and inaccurate by including a Subordinate Note that BOA and JM both knew to be waived and invalid.

46.

Defendant BOA's and JM's conduct in requesting Plaintiffs to sign incorrect, fraudulent documents has caused Plaintiff damages in extreme mental distress and anguish.

COUNT 2

47.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

48.

Defendant BOA have breached both Agreement with the Plaintiffs.

49.

IMAGED AUG – 4 2015

8

Defendant BOA was required to repair the Plaintiffs credit, which it has failed to do. Additionally, BOA agreed to waive the subordinate note, and despite that Agreement, BOA has continued to harass Plaintiff into signing a new Agreement which is more beneficial to BOA.

50.

Plaintiffs reasonably relied on the Defendant's representations, and has suffered actual damages by the Defendant damaging the credit of the Plaintiffs to such an extent, Plaintiffs are unable to either sell their house, or obtain a new home to get away from BOA's harassment.

COUNT 3

51.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

52.

Defendant BOA and JM is liable to Plaintiffs for negligence. Defendants have a duty to both properly account for a loan, and to employ collection tactics on a loan. Both Defendants were informed by Plaintiffs that their accounting and collection activities were wrong, unwarranted and illegal.

53.

Defendant BOA knew the accounting, and their tactics to collect on Plaintiffs loan were wrong. Defendant BOA knew it had signed an Agreement with Plaintiffs waiving any subordinate notes, and any attempt to induce or coerce them to sign were wrong, and against their Agreement.

54.

BOA has a duty to properly account for the Plaintiffs loan, and has a duty to live by its Agreement. BOA was extremely negligent in the accounting and handling of Plaintiffs' loan.

55.

BOA then negligently hired JM to use face to face coercion techniques to induce Plaintiffs to sign a fraudulent loan obligating the Plaintiff for thousands more dollars to BOA.

56.

JM has a duty to insure it is collecting a valid and collectable obligations. JM despite being told by Plaintiffs BOA did not have a valid debt, disregarded her instructions and negligently sought to coerce and induce Plaintiff into signing a new loan obligation.

IMAGED AUG - 4 2015

57.

As a result of the negligence of Defendants BOA and JM, Plaintiffs have suffered severe

emotional distress, severe illness, anxiety, stress, destruction of credit and invasion of privacy.

COUNT 4

58.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

59.

Defendants are liable to Plaintiffs for trespass.

60.

Defendants BOA and JM conspired to induce and coerce Plaintiffs into signing

fraudulent and inaccurate loan documents.

61.

Despite being told by Plaintiffs the loan documents were in error, and would not be

signed, the Defendants went to Plaintiffs property two days after being told not to contact them

again, to intimidate and coerce Plaintiff to sign the fraudulent and inaccurate loan documents.

62.

As a result of the trespass of Defendants BOA and JM, Plaintiffs have suffered severe

emotional distress, severe illness, anxiety, stress, destruction of credit, invasion of privacy and

embarrassment from having bill collectors come to their door.

COUNT 5

63.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

64.

Defendant is liable to Plaintiffs for mental anguish and emotional distress for their

numerous harassing collection calls and letters trying to force Plaintiff into signing fraudulent

and inaccurate loan documents.  Despite Plaintiffs making their mortgage payments, Defendants

still contact, harass and breach the peace of Plaintiffs home by demanding payments on loans

that were already made.

COUNT 6

65.

Plaintiffs restates and realleges each and every allegation as if fully set forth herein.

IMAGED AUG - 4 2015

66.

Defendant BOA is liable to the Plaintiffs for the destruction of their credit.

67.

Creditors have an obligation to properly report the credit of their consumers. Furthermore, BOA agreed to remove all negative reporting of the Plaintiffs credit, and has failed to do so.

68.

BOA has failed to properly report the credit of the Plaintiffs, and as a result, the Plaintiffs can neither sell, nor refinance their house to get BOA out of their lives. BOA's improper reporting of Plaintiffs credit has caused severe and serious damages, including, but not limited to severe emotional distress, severe illness, anxiety, stress, destruction of credit, invasion of privacy.

<u>COUNT 7</u>

69.

Plaintiffs restate and reallege each and every allegation as set forth fully herein.

70.

Plaintiff BOA has slandered the title to Plaintiffs home.

71.

Based upon the June 3, 2015 Payoff Statement provided by BOA to Plaintiffs, BOA admits to placing two liens on Plaintiffs property. These liens are invalid, and are a wrongful slander on the Plaintiffs property.

72.

Plaintiff has suffered damages including severe emotional distress, severe illness, anxiety, stress, destruction of credit, invasion of privacy, and is not able to sell their home because of the improper liens placed on their property by BOA.

<u>COUNT 8</u>

73.

Plaintiffs restate and reallege each and every allegation as set forth fully herein.

74.

Defendants BOA and JM have violated the Fair Debt Collection Practices Act of 15 USC Sec. 1692 *et. seq.*

IMAGED AUG - 4 2015

75.

The Fair Debt Collection Practices Act requires Debt Collectors only collect on valid debts. Both BOA and JM are considered Debt Collectors under the Act.

76.

BOA and JM conspired to threaten, induce and intimidate the Plaintiffs into collecting and obligating themselves on fraudulent and inaccurate loan documents.

77.

Upon information and belief, both BOA and JM have been sued in class action lawsuits for similar actions against consumers, and have a history of violating the Fair Debt Collection Practices Act.

78.

As a result of the Defendants violation of the Fair Debt Collection Practices Act, Plaintiffs have suffered severe emotional distress, severe illness, anxiety, stress, destruction of credit, invasion of privacy and embarrassment from having bill collectors come to their door.

79.

COUNT 9

80.

Plaintiffs restate and reallege each and every allegation as set forth fully herein.

81.

Defendants BOA and JM are liable to the Plaintiffs for the tort of intentional infliction of emotional distress.

82.

Because of the five year history between BOA and Plaintiffs, and their long history of conduct, combined with BOA's failure to comply with the Agreement, and their attempts to fraudulently coerce and induce the Plaintiff into obligating themselves into thousands more dollars of debt, BOA's conduct is extreme, outrageous and shocking.

83.

The conduct of JM is also extreme and outrageous in that JM did not verify the validity of any debts, ignored the warnings and representations of the Plaintiffs there was not a valid debt, ignored Plaintiffs request to never contact them again, by personally sending a representative to the Plaintiffs' residence in an attempt to fraudulently induce and coerce

IMAGED AUG - 4 2015

Plaintiffs into signing documentation which would have obligated them for thousands of dollars in additional debt.

84.

The emotional distress and embarrassment caused by the Defendants actions against Plaintiffs is severe, and exclusively caused by Defendants actions.

85.

The actions of the Defendants was both intentional, severely reckless and negligent, that Defendants intended to cause the severe emotional distress of the Plaintiffs, or the Defendants knew that their actions would be substantially certain to cause severe emotional distress to the Plaintiffs.

86.

Plaintiffs have suffered severe emotional distress because of the severe, outrageous and shocking intentional infliction of emotional distress inflicted upon the Plaintiffs by the horrendous actions of the Defendants.


Plaintiff demands a jury trial.

WHEREFORE, Plaintiffs pray that after due proceedings be had that there be a judgment in their favor against the Defendants, for all damages as are reasonable in the premises, together with legal interest thereon from judicial demand until finally paid, attorneys fees, for all costs of these proceedings, and for such other and further relief as the Court shall deem necessary and proper.

IMAGED AUG - 4 2015

Respectfully submitted,

DAVID S. MOYER, L.L.C.

DAVID S. MOYER (#28166)
S. ELIZA JAMES (#35182)
13551 River Road
Luling, LA 70070
985-308-1509
985-308-1521 (Fax)
Attorneys for Plaintiff

**PLEASE SERVE:**

Bank of America, N.A.
Through its agent for service of process:
CT Corporation System
5615 Corporate Blvd., Suite 400 B
Baton Rouge, LA 70808

EBR CK# 2484 $52.72

J.M. ADJUSTMENT SERVICES, LLC
Through its agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA 70802

IMAGED AUG – 4 2015

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This civil case cover sheet does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Larry Blasse Sandras and Jessica Kirby Sandras    vs.    Bank of America, N.A. and J.M. Adjustment Services, LLC

**Court:** 24th Judicial District     **Docket Number:** _____

**Parish of Filing:** Jefferson     **Filing Date:** 8/4/15

**Name of Lead Petitioner's Attorney:** David S. Mayer

**Name of Self-Represented Litigant:** _____

**Number of named petitioners:** 2     **Number of named defendants** ___

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- ☐ Auto: Personal Injury
- ☐ Auto: Wrongful Death
- ☐ Asbestos: Property Damage
- ☐ Product Liability
- ☐ Intentional Bodily Injury
- ☐ Intentional Wrongful Death
- ☑ Business Tort
- ☐ Defamation
- ☐ Environmental Tort
- ☐ Intellectual Property
- ☐ Legal Malpractice
- ☐ Other Professional Malpractice
- ☐ Maritime
- ☐ Wrongful Death
- ☐ General Negligence

- ☐ Auto: Property Damage
- ☐ Auto: Uninsured Motorist
- ☐ Asbestos: Personal Injury/Death
- ☐ Premise Liability
- ☐ Intentional Property Damage
- ☐ Unfair Business Practice
- ☑ Fraud
- ☐ Professional Negligence
- ☐ Medical Malpractice
- ☐ Toxic Tort
- ☑ Other Tort (describe below)
- ☐ Redhibition
- ☐ Class action (nature of case)
- Emotional Distress

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Suit for damages for multiple claims.

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name David S. Mayer     Signature _____

Address 13551 River Rd, Luling, LA 70070

Phone number: 985-308-1509     E-mail address: davidmayerlaw@gmail.com

(101) Citation: ISSUE PETITION FOR DAMAGES;                    150807-1533-5

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

LARRY BLAISE SANDRAS, JESSICA KIRBY SANDRAS,
JESSICA KIRBY                                   Case: 752-254    Div: "C"
     versus                                    P 1 LARRY BLAISE SANDRAS
BANK OF AMERICA NA, BANK OF AMERICA HOME
LOANS, J M ADJUSTMENT SERVICES LLC

To: BANK OF AMERICA NA
THROUGH ITS AGENT FOR SERVICE OF PROCESS:       EAST BATON ROUGE PARISH
CT CORPORATION SYSTEM
5615 CORPORATE BLVD., SUITE 400 B               EBR CK# 2484-$52.72
BATON ROUGE LA 70808

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof,
under penalty of default.

This service was requested by attorney DAVID S. MOYER and was issued by the Clerk of Court
on the 7th day of August, 2015.

                 /s/ Bridget M Calongne
                 Bridget M Calongne, Deputy Clerk of Court for
                 Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) Citation: ISSUE PETITION FOR DAMAGES;                    150807-1533-5

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal          ___ Domiciliary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts _____ times
    ___ Vacant                ___ Received too late to serve
    ___ Moved                 ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ #_____
                Deputy Sheriff
Parish of:_____

Imaged 08/07/2015 10:29 - Signed: Deputy Clerk of Court /s/ Bridget M Calongne

(101) Citation: ISSUE PETITION FOR DAMAGES;                    150807-1534-3

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

LARRY BLAISE SANDRAS, JESSICA KIRBY SANDRAS,
JESSICA KIRBY                                    Case: 752-254    Div: "C"
   versus                                    P 1 LARRY BLAISE SANDRAS
BANK OF AMERICA NA, BANK OF AMERICA HOME
LOANS, J M ADJUSTMENT SERVICES LLC

To:  J M ADJUSTMENT SERVICES LLC
THROUGH ITS AGENT FOR SERVICE OF PROCESS:       EAST BATON ROUGE PARISH
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET                             EBR CK# 2484-$52.72
BATON ROUGE, LA 70802


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR
DAMAGES of which a true and correct copy accompanies this citation, or make an appearance
either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of
Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof,
under penalty of default.


This service was requested by attorney DAVID S. MOYER and was issued by the Clerk of Court
on the 7th day of August, 2015.


                        /s/ Bridget M Calongne
                        Bridget M Calongne, Deputy Clerk of Court for
                        Jon A. Gegenheimer, Clerk of Court


_____SERVICE INFORMATION_____

(101) Citation: ISSUE PETITION FOR DAMAGES;                    150807-1534-3

Received:_____   Served:_____   Returned:_____

Service was made:
   ___ Personal          ___ Domiciliary _____

Unable to serve:
   ___ Not at this address    ___ Numerous attempts _____ times
   ___ Vacant              ___ Received too late to serve
   ___ Moved               ___ No longer works at this address
   ___ No such address        ___ Need apartment / building number
   ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                   Deputy Sheriff
Parish of: _____

*Imaged 08/07/2015 10:29 - Signed: Deputy Clerk of Court /s/ Bridget M Calongne*

IMAGED SEP - 9 2015

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 752-254                                                              DIVISION C

**LARRY BLAISE SANDRAS & JESSICA KIRBY SANDRAS**

**VERSUS**

**BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOMES LOANS AND
J.M. ADJUSTMENT SERVICES, L.L.C.**

FILED: _____            _____
                                                                    **DEPUTY CLERK**

*EX PARTE* **MOTION FOR EXTENSION OF TIME TO PLEAD
IN RESPONSE TO PETITION FOR DAMAGES**

Defendant, Bank of America, N.A. ("BANA"), without waiving any objections to service of process, citation, or to jurisdiction, and reserving all other rights, exceptions, and objections, respectfully moves this Court for an extension of time to answer or otherwise plead in response to the Petition for Damages filed by Plaintiffs, Larry and Jessica Sandras ("Plaintiffs").  In support of this motion, BANA states as follows:

1.

On or about August 4, 2015, Plaintiffs filed their Petition and requested service on BANA, through BANA's agent for service of process in Louisiana.

2.

BANA has only recently been served with the Petition, and requires additional time to investigate and analyze the allegations in the Petition to prepare responsive pleadings. Therefore, BANA respectfully requests a 30-day extension of time to file its responsive pleadings to the Petition.

3.

The requested extension will not delay or otherwise retard the progress of this matter.

WHEREFORE, Defendant BANA respectfully requests that the Court grant BANA a 30-day extension, through and including October 15, 2015, to file its responsive pleading.

IMAGED SEP - 9 2015

Respectfully submitted, this 9th day of September, 2015.

_Mark Deethardt_

Stephen W. Rider, T.A. (#02071)
Mark R. Deethardt (#34511)
**McGlinchey Stafford, PLLC**
601 Poydras St., 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

*Counsel for Defendant:*
*Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *ex parte* motion for extension of time to plead has been served upon the following counsel of record, via U.S. mail, email, and/or facsimile, this 9th day of September, 2015:

David S. Moyer
**David S. Moyer, L.L.C.**
13551 River Road
Luling, LA 70070

_Mark Deethardt_

MARK R. DEETHARDT

IMAGED SEP - 9 2015

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.  752-254                                                    DIVISION C

LARRY BLAISE SANDRAS & JESSICA KIRBY SANDRAS

VERSUS

BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOMES LOANS AND
J.M. ADJUSTMENT SERVICES, L.L.C.

FILED: _____          _____
                                            DEPUTY CLERK

ORDER

Considering the foregoing *Ex Parte* Motion for Extension of Time to Plead in Response

to the Petition for Damages filed by Defendant, Bank of America, N.A. ("BANA");

IT IS HEREBY ORDERED that BANA is granted an additional thirty (30) days, through

and including October 15, 2015, within which to answer or otherwise plead in response to the

Petition for Damages filed by Plaintiffs, Larry and Jessica Sandras.

Gretna, Louisiana, this 10th day of September, 2015.

_____
HONORABLE JUNE BERRY DARENSBURG
JUDGE, 24th JUDICIAL DISTRICT COURT

3



24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 752-254                                          DIVISION C

LARRY BLAISE SANDRAS & JESSICA KIRBY SANDRAS

VERSUS

BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOMES LOANS AND
J.M. ADJUSTMENT SERVICES, L.L.C.

FILED: _____          _____
                                                  DEPUTY CLERK

### REQUEST FOR NOTICE

Defendant, Bank of America, N.A. ("BANA"), in accordance with Louisiana Code of

Civil Procedure Articles 1913 and 1914, requests that the Clerk of Court provide BANA with

immediate notice of the signing of all interlocutory and final Orders or Judgments in the above-

captioned case.  Pursuant to Louisiana Code of Civil Procedure Article 1572, BANA also

requests written notice of the trial date set in the above-captioned case, as well as the date set for

the trial or hearing of any pleadings, motions, exceptions, or rules, at least ten (10) days before

any trial or hearing date.

Respectfully submitted, this 9th day of September, 2015.

                              _____
                              Stephen W. Rider, T.A. (#02071)
                              Mark R. Deethardt (#34511)
                              **McGlinchey Stafford, PLLC**
                              601 Poydras St., 12th Floor
                              New Orleans, LA 70130
                              Telephone: (504) 586-1200
                              Facsimile: (504) 596-2800

                              *Counsel for Defendant:*
                              *Bank of America, N.A.*

IMAGED SEP - 9 2015

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing request for notice has been served upon the following counsel of record, via U.S. mail, email, and/or facsimile, this 9th day of September, 2015:

David S. Moyer
**David S. Moyer, L.L.C.**
13551 River Road
Luling, LA 70070

MARK R. DEETHARDT

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 752-254                                                         DIVISION "C"

**LARRY BLAISE SANDRAS & JESSICA KIRBY SANDRAS**

**VERSUS**

**BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOMES LOANS AND
J.M. ADJUSTMENT SERVICES, L.L.C.**

FILED: _____      _____
                                                           **DEPUTY CLERK**

### UNOPPOSED MOTION FOR EXTENSION OF TIME
### TO FILE RESPONSIVE PLEADINGS

**NOW INTO COURT,** through undersigned counsel, comes J.M. Adjustment

Services, L.L.C., sought to be made defendant in the above captioned matter,

appearing solely for the purposes of obtaining an extension, who moves this Honorable

Court for an Order granting them an extension of time of thirty (30) days, or until

October 15, 2015, within which to respond to the Petition for Damages filed against

them on the following grounds:

1.

That undersigned counsel has just been retained to represent Defendant, J.M.

Adjustment Services, L.L.C. in these proceedings.

2.

Defendant, J.M. Adjustment Services, L.L.C., was served with Plaintiffs' Petition

for Damages on August 31, 2015.

3.

The Petition includes claims involving complicated issues of both state and

federal laws, and undersigned counsel requires additional time to adequately and

sufficiently evaluate the suit and the demands against the defendant in order to

adequately respond to the allegations and demands found in the petition. For this

reason, it is respectfully suggested to this Honorable Court that an extension of time is

necessary and proper, and defendant is entitled to the same.

{00348856-1}

E-Filed: 09/11/2015 14:27:13 Case: 752254 Div:C Atty:030437 HEATHER CHEESBRO

4.

Undersigned counsel avers she has contacted counsel for plaintiff, and he has no objection to this extension.

**WHEREFORE**, the defendant prays this Honorable Court grant this motion and that they be given an extension of time through and until October 15, 2015, in which to file responsive pleadings to the Petition for Damages.

Respectfully submitted,

**HELLER, DRAPER, PATRICK,
HORN & DABNEY, L.L.C.**

/s/Heather Cheesbro
Warren Horn (La. Bar #14380)
Heather Cheesbro (La. Bar #30437)
650 Poydras Street, Suite 2500
New Orleans, Louisiana  70130
Telephone:  (504 299-3300
Direct Dial:  (504) 299-3340
Facsimile:  (504) 299-3399
**ATTORNEYS FOR J.M. ADJUSTMENT
SERVICES, L.L.C., DEFENDANT**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been forwarded to all counsel of record by either hand delivery, fax transmission or by depositing a copy of the same, properly addressed and First Class postage prepaid, in the United States Mail on this 11th day of September, 2015.

/s/Heather Cheesbro
**HEATHER CHEESBRO**

E-Filed: 09/11/2015 14:27:13 Case: 752254 Div:C Atty:030437 HEATHER  CHEESBRO

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 752-254                                      DIVISION "C"

LARRY BLAISE SANDRAS & JESSICA KIRBY SANDRAS

VERSUS

BANK OF AMERICA, N.A. d/b/a BANK OF AMERICA HOMES LOANS AND
J.M. ADJUSTMENT SERVICES, L.L.C.

FILED: _____      _____
                                                    DEPUTY CLERK

O R D E R

Considering the foregoing Unopposed Motion for Extension of Time Within Which
to File Responsive Pleadings, and the Court finding good grounds exist to grant the
same, accordingly;

IT IS HEREBY ORDERED that J.M. Adjustment Services, L.L.C. be and is
hereby granted an extension of time through and until October 15, 2015 to file
responsive pleadings to the Petition for Damages.

Gretna, Louisiana, this 15th day of September, 2015.

_____
DISTRICT JUDGE

{00348856-1}

E-Filed: 09/11/2015 14:27:13 Case: 752254 Div:C Atty:030437 HEATHER CHEESBRO